IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DONNA S. ELLISON                                                                                    PLAINTIFF

V.                                      CIVIL NO. 2:14-cv-2189-MEF

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Donna Ellison, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background**

Plaintiff protectively filed her applications for DIB and SSI on July 29, 2013, alleging disability since March 2, 2013, due to depression, anxiety, and bipolar disorder. (Tr. 9, 208) An administrative hearing was held on June 16, 2014, at which Plaintiff appeared with counsel and testified. (Tr. 20-49)

By a written decision dated June 30, 2014, the ALJ found Plaintiff's personality disorder, anxiety disorder, affective disorder, and substance abuse disorder were severe impairments. (Tr. 11) After reviewing all of the evidence presented, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments. (Tr. 11-12) The

ALJ next found Plaintiff had the residual functional capacity (RFC) to perform the full range of work at all exertional levels with the following limitations:

> From a mental standpoint, she is able to perform work where interpersonal contact is incidental to the work performed; the complexity of tasks is learned and performed by rote, with few variables and little judgment; and the supervision required is simple, direct, and concrete. (Tr. 12)

With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform her past relevant work (PRW) as a housekeeper. (Tr. 15) The ALJ then found Plaintiff had not been under a disability as defined by the Act during the relevant time period. (Tr. 15-16)

Plaintiff requested a review of the hearing decision by the Appeals Council, which denied the request on July 25, 2014. (Tr. 1-3) Subsequently, Plaintiff filed this action September 9, 2014. (Doc. 1)  This case is before the undersigned pursuant to the consent of the parties. (Doc. 7) Both parties have filed appeal briefs, and the case is ready for decision. (Docs. 13, 14)

## II.  Applicable Law.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it

simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require the application of a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**III. Discussion**

Plaintiff argues the ALJ should have further developed the record regarding Plaintiff's mental health conditions, and improperly discounted her subjective complaints. (Doc. 13, pp. 7-10)

**A. Development of the Record**

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995). The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). The ALJ, however, is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. "Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

The record includes mental evaluations from Dr. Robert Spray and Dr. Patricia Walz, treatment notes and a mental evaluation from Dr. Donald Holden at Springwoods Behavioral Health, and two mental RFC assessments from non-examining, consulting psychologists. (Tr. 59-61, 70-71, 74-75, 100-101, 104-105, 266-285, 292-296, 298-300, 303)

The record shows Plaintiff received one week of inpatient alcohol treatment at Springwoods Behavioral Health in 2011, where she was evaluated by Dr. Holden. (Tr. 266-285) Dr. Holden diagnosed Plaintiff with alcohol dependence, substance induced mood disorder, and depression, but noted Plaintiff had good cognition, her intellectual functioning was average, and she showed a normal thought process. (Tr. 276-279) During the examination, Plaintiff reported being a good worker and mother, and shared she had experienced good results with Seroquel in the past. (Tr. 278-279) According to Dr. Holden, "the major issue with which [Plaintiff] is concerned with is getting off the alcohol." (Tr. 279) Plaintiff's prognosis was considered good at discharge so long as she avoided alcohol and complied with treatment for her depression. (Tr. 267)

Plaintiff was examined Dr. Walz, a consulting physician, in August 2013. Plaintiff stated her mental condition became worse after a car accident in 2001, but acknowledged she had not been

taking medication and had not sought counseling since her treatment at Springwoods. (Tr. 292-293) Plaintiff also shared she had recently applied for temporary work, was employed earlier in the year at a poultry plant, and was currently acting as a caretaker for her mother. (Tr. 293) Dr. Walz noted Plaintiff appeared anxious and dramatic, but showed good thought process. (Tr. 294-295) She determined Plaintiff's intelligence level was in the borderline to low average range, diagnosed depressive disorder and substance abuse, and assigned a Global Assessment of Functioning (GAF) score of 55-60. (Tr. 295) Dr. Walz noted Plaintiff gave a minimal effort during the evaluation, and anticipated Plaintiff could communicate clearly and intelligibly, but would have difficulty with complex concepts, and showed problems with concentration, persistence and pace. (Tr. 296)

Dr. Spray examined Plaintiff in November 2013, and administered an IQ test on which Plaintiff scored a 48. (Tr. 298-300) According to Dr. Spray, Plaintiff demonstrated depression, post-traumatic stress disorder, and borderline personality disorder, but Dr. Spray did not identify any functional limitations. (Tr. 299, 303) He noted several discrepancies between Plaintiff's responses to his questions and the answers she gave Dr. Walz, and opined her ability to relate information during the exam was not consistent with the IQ assessment. (Tr. 300) Dr. Spray was recontacted regarding Plaintiff's IQ test, and Dr. Spray clarified her score was not valid. (Tr. 303)

In December 2013, Dr. Kay Gale, a non-examining consultant, submitted a mental RFC assessment and opined Plaintiff could "perform simple, routine, repetitive work in a setting with limited contact with others." (Tr. 60-61) In February 2014, Dr. Sheri Simon, a non-examining consultant submitted a mental RFC and agreed Plaintiff could perform unskilled work. (Tr. 104-105)

An ALJ is required to obtain additional evidence "only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Johnson*

*v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010). In this case, the record included evaluations of three examining physicians, Plaintiff's 2011 counseling and treatment notes, and the opinions of the non-examining consultants. The ALJ was also informed by Plaintiff's testimony and a function report from Plaintiff's mother, who indicated Plaintiff had few limitations, goes outside and shops regularly, and handles personal care tasks and household chores well. (Tr. 227-336) The record was sufficiently developed, and there was substantial evidence for the ALJ to conclude Plaintiff's mental impairments were not disabling without further information. *See Dunahoo v. Apfel*, 241 F.3d 1033, 1039-1040 (8th Cir. 2001); s*ee also McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) ("While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment . . .").

### B. *Polaski Analysis*

In determining a claimant's RFC, "'the ALJ must first evaluate the claimant's credibility.'" *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir. 2007) (quoting *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2002)). An ALJ is required to consider all of the evidence relating to Plaintiff's subjective complaints, including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medications; and, (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (stating a court should not substitute its own credibility opinion for that of the ALJ). As the Eighth Circuit has observed, "[o]ur touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v.*

*Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). The court should, "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012). "The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

The ALJ addressed the *Polaski* factors in the written decision, but discounted Plaintiff's allegations of disabling pain. The ALJ identified Plaintiff's lack of treatment, demonstrated ability to work with her mental health conditions, normal activities of daily living, improvement on medications, and inconsistent responses to questions during mental health examinations as factors in discounting Plaintiff's subjective complaints. (Tr. 13-14)  These were valid reasons for discounting Plaintiff's claim of disabling conditions. *See e.g., Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). Accordingly, the undersigned finds the ALJ's credibility determination was based on substantial evidence.

**IV. Conclusion**:

Having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's complaint should be dismissed with prejudice.

DATED this 26th day of August, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE